Guo v. Lynch

BIA
Poczter, IJ
A205 445 965

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

RUI GUO,
> *Petitioner,*

> v.                                                  15-2794
>                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Keith S. Barnett, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Attorney General; Linda S. Wernery, Assistant Director; Matthew M. Downer, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rui Guo, a native and citizen of the People's Republic of China, seeks review of an August 21, 2015, decision of the BIA affirming an April 15, 2014, decision of an Immigration Judge ("IJ") denying Guo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Guo,* No. A205 445 965 (B.I.A. Aug. 21, 2015), *aff'g* No. A205 445 965 (Immig. Ct. N.Y. City Apr. 15, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Guo challenges only the denial of asylum, and the sole issue before us is whether the agency correctly concluded that Guo failed to show that he

was persecuted on account of his political opinion.  We review that determination for substantial evidence.  *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281-83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination).

To obtain asylum or withholding of removal, Guo had to demonstrate that his actual or imputed political opinion was "at least one central reason" for his persecution.  8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010).  It is undisputed that "opposition to government corruption may constitute a political opinion, and retaliation against someone for expressing that opinion may amount to political persecution."  *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).

Although retaliation for whistleblowing can satisfy the nexus requirement in some circumstances, it does not do so here. To determine whether a whistleblower has shown harm on account of political opinion, the agency considers (1) "whether and to what extent the alien engaged in activities that could be perceived as expressions of anticorruption beliefs," (2) "any direct or circumstantial evidence that the alleged persecutor was motivated by the alien's perceived or actual anticorruption

3

beliefs," and (3) "evidence regarding the pervasiveness of government corruption, as well as whether there are direct ties between corrupt elements and higher level officials." *Matter of N-M-*, 25 I. & N. Dec. 526, 532-33 (B.I.A. 2011). The important questions are "whether the applicant's actions were directed toward a governing institution, or only against individuals whose conduct was aberrational", and "whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir. 2005) (citation and internal quotation marks omitted).

Here, the agency applied the test articulated in *Matter of N-M-*, and its conclusion that Guo failed to show a nexus to any political opinion is supported by substantial evidence. Guo testified that he was acting pursuant to his job duties and out of a concern for the company's investors when he confronted his manager and reported him to the internal investigations unit. And apart from the dispute with his manager, he did not identify other instances when he spoke out against insider trading or corruption generally. Nor did he engage in traditional

4

political activities such as organizing coworkers, publishing articles, or otherwise publicly denouncing his manager's insider trading and corruption. *See Matter of N-M-*, 25 I. & N. Dec. at 532 ("[A]n Immigration Judge may consider whether an alien denounced corruption in public or at work, published articles criticizing government corruption, or organized ... against this behavior."). Accordingly, the record as a whole supports the agency's conclusion that Guo did not express an anti-corruption political opinion in confronting his manager or reporting the manager's insider trading.

As to the second consideration, the agency reasonably determined that the manager's retaliation was personal rather than political, noting that Guo himself characterized his manager's retaliatory acts as "personal revenge." *See Matter of N-M-*, 25 I. & N. at 531-32 (suggesting that where the alleged persecutor acts "solely out of personal revenge or a desire to avoid the exposure of a lucrative scheme of corruption, without a significant concern about the alien's political beliefs, perceived or otherwise," the claim cannot satisfy the nexus requirement).

The last question is whether the corruption the applicant

opposed is "aberrational" or "endemic" – that is, whether the applicant challenged a governing institution, or the actions of an individual or a small group of "rogue officials." *Matter of N-M-*, 25 I. & N. at 533; *see also Yueqing Zhang,* 426 F.3d at 547-48. The agency reasonably concluded that Guo opposed only aberrational acts of his manager. Guo testified that his company had installed special software allowing him to detect the manager's insider trading as part of an effort to combat this type of illegal activity. And Guo presented no evidence or testimony that the police officers were aware they were arresting him on false accusations. Guo's argument that the company's efforts to detect and prevent insider trading were a "ruse" because no action was taken against his manager has little support in the record. The only evidence is his testimony that the internal investigations unit did not respond to his email within the short time before he was fired. Guo did not testify regarding any other acts of insider trading or general corruption within his company.

On this record, substantial evidence supports the agency's determination that Guo failed to meet his burden of proof in demonstrating nexus. *Edimo-Doualla*, 464 F.3d at 281-83.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7